Case 2:18-cv-00272 Document 39 Filed on 01/17/19 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
January 17, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRED G. MARTINEZ, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-00272 |
| | § | |
| LORIE DAVIS-DIRECTOR TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION ON PETITIONER'S MOTION FOR ENTRY OF DEFAULT

Petitioner Fred G. Martinez, proceeding *pro se*, requests an entry of default against Respondent Lorie Davis. (D.E. 34). He has filed two other similar requests. (D.E. 22, 24). He argues that Respondent has failed to file a responsive pleading over 80 days after he filed his 28 U.S.C. § 2254 petition.

**A.    Background**

Martinez filed his § 2254 petition in August 2018. (D.E. 1 at 12). This Court ordered service on October 18, 2018, and provided Respondent with 45 days from receipt of the petition to file an answer and any dispositive motions. (D.E. 9 at 1-2). Respondent filed a first motion for an extension of time, which this Court granted, extending the deadline to file a responsive pleading to January 7, 2019. (D.E. 21 at 1-3; D.E. 28 at 1). Respondent subsequently filed a second motion for an extension of time, which this Court granted, extending the deadline to file a responsive pleading to February 6, 2019. (D.E. 33 at 1-3; D.E. 37 at 1). This Court noted that no further extensions would be granted. (D.E. 37 at 1).

**B.   Discussion**

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend a lawsuit in federal court and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default. FED. R. CIV. P. 55(a). The Fifth Circuit has established that "the entry of default judgment is committed to the discretion of the district judge." *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977) (citation omitted); *accord Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). Further, federal courts generally disfavor default judgments, preferring to resolve disputes according to their merits. *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001) (citations omitted); *see also Lewis*, 236 F.3d at 767.

Although no Fifth Circuit precedent was located, several circuits have held that the entry of default in habeas corpus proceedings is inappropriate. *Allen v. Perini*, 424 F.2d 134 (6th Cir. 1970); *Stines v. Martin*, 849 F.2d 1323 (10th Cir. 1988); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987); *United States ex rel Mattox v. Scott*, 507 F.2d 919 (7th Cir. 1974); *Bermudez v. Reid*, 733 F.2d 18 (2d Cir. 1984). Generally, these circuit courts have required the district courts to review the merits, and to grant relief only if the court finds evidence to establish a claim of unlawful detention. *Stines*, 849 F.2d at 1324. An exception to the general rule would be where the delay itself rises to the level of a due process violation. *Id.* at 1324 (citing *Ruiz v. Cady*, 660 F.2d 337, 341 n. 5 (7th Cir. 1981)). Minor delays do not give rise to a due process violation. *Stines*, 849 F.2d at 1324.

Here, although Respondent has not filed a responsive pleading, she has requested two extensions of time that this Court has granted, and she now has until February 6, 2019, to file a responsive pleading. (D.E. 28, 37). Thus, even if the entry of default could be appropriate in a § 2254 proceeding, Respondent is not in default.

### C.  Recommendation

Based on the foregoing, it is respectfully recommended that Martinez's motion for entry of default (D.E. 34) be DENIED.

Respectfully submitted this 17th day of January, 2019.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual

findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).