Case 2:18-cv-00272 Document 54 Filed on 03/15/19 in TXSD Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
March 15, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRED G. MARTINEZ, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-00272 |
| | § | |
| LORIE DAVIS-DIRECTOR TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Fred G. Martinez is an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division and is currently incarcerated at the Stiles Unit in Beaumont, Texas. Proceeding *pro se*, Martinez filed an original habeas corpus petition pursuant to 28 U.S.C. § 2254 on August 1, 2018.[1] (D.E. 1). Martinez raises several claims of ineffective assistance of trial counsel, prosecutorial misconduct, and judicial misconduct relating to his guilty plea proceedings in state court. Respondent filed a motion for summary judgment contending that the § 2254 petition was untimely, to which Martinez responded. (D.E. 45, 51). As discussed more fully below, it is respectfully recommended that Respondent's motion for summary judgment be granted and Martinez's habeas corpus petition be dismissed as untimely. It is further recommended that a Certificate of Appealability ("COA") be denied.

---

[1] Martinez stated under penalty of perjury that he placed his petition in the prison mail system on August 1, 2018, and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998), and Rule 3, Rules Governing Section 2254 Cases.

## I. JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331 and venue is appropriate because Martinez was convicted in Nueces County, Texas. 28 U.S.C. § 2254(a); 28 U.S.C. § 124(b)(6); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## II. BACKGROUND

In July 2014, Martinez was charged in an indictment with two counts of indecency with a child, in violation of Tex. Pen. Code § 21.11. (D.E. 46-2 at 7). Martinez pleaded guilty pursuant to a written plea agreement and waived his right to appeal. (*Id.* at 80-89; D.E. 46-3 at 1, 6-8, 62-63). On January 2, 2015, the state court entered an order of deferred adjudication placing Martinez on community supervision for a period of ten years. (D.E. 46-3 at 60-61). On March 12, 2015, the Court of Appeals of Texas dismissed Martinez's direct appeal. *Martinez v. State*, No. 13-15-00084-CR, 2015 WL 1137753 (Tex. App. 2015). Martinez did not file a petition for discretionary review.

On March 23, 2016, the state court revoked Martinez's community supervision after determining that he had violated several conditions of his supervision. (D.E. 46-4 at 37-42; D.E. 46-8 at 75-78). The court sentenced Martinez to 12 years of imprisonment on both counts, to be served concurrently. (D.E. 46-4 at 35-36). The Court of Appeals of Texas affirmed Martinez's revocation and sentence on direct appeal. (D.E. 46-13 at 1-7). The court refused discretionary review on June 14, 2017. *See Martinez v. State*, No. 13-16-00249-CR, 2017 WL 2200299 (Tex. App. 2017) (noting in the heading that discretionary review was refused).

On March 7, 2018, Martinez filed an application for a writ of habeas corpus under Tex. Code of Crim. Proc. art. 11.07. (D.E. 49-15 at 4-66). Martinez raised 29 claims relating to his initial plea process and the proceedings that led to the deferred adjudication. (*See id.*).[2] The court denied Martinez's habeas application on July 18, 2018. (D.E. 48-12 at 1).

On August 1, 2018, Martinez filed his *pro se* § 2254 petition, raising 12 specific claims relating to his initial plea process and proceedings. (D.E. 1 at 6-9; D.E. 2 at 3-13). First, Martinez alleges that his trial counsel was ineffective because he: (1) had a conflict of interest where the state was simultaneously prosecuting counsel's father; (2) failed to investigate the case at all and did not file a motion to suppress defective evidence; (3) coerced Martinez into pleading guilty; and (4) obstructed justice by deceiving Martinez into pleading guilty. (D.E. 1 at 6-7; D.E. 2 at 3-8). Second, Martinez alleges prosecutorial misconduct because the prosecutor: (1) had a conflict of interest based on the parallel prosecution of counsel's father; (2) withheld exculpatory DNA evidence; (3) relied on defective evidence such as perjured police reports, false witness statements, and an illegally obtained suspect lineup; (4) failed to correct these issues despite knowing about them; (5) relied on a faulty plea agreement that Martinez never signed; and (6) convicted Martinez without any evidence. (D.E. 1 at 7-9; D.E. 2 at 8-12). Finally, Martinez alleges judicial misconduct because the judge: (1) failed to correct the previously mentioned issues with counsel and the prosecutor despite knowing about

---

[2] Although this memorandum does not summarize each of Martinez's 29 claims, the Respondent does not contest exhaustion in the motion for summary judgment. (*See* D.E. 45 at 4-5).

them; and (2) denied Martinez a fair trial. (D.E. 1 at 9; D.E. 2 at 12-13). Martinez asserts that his petition is timely because he is actually innocent. (D.E. 1 at 11, 15-17).

Martinez submitted several police documents from the night of his arrest, statements from the victim and family members who were present, an affidavit from trial counsel regarding his representation, a police request for DNA testing, a motion for a new trial that Martinez filed in the state court following the order of deferred adjudication, multiple news articles regarding the case against counsel's father, and several court documents from Martinez's state proceedings. (D.E. 2 at 27-81).

### III. DISCUSSION

#### a. Timeliness

Respondent argues that Martinez's petition is time-barred because the one-year statutory limitations period under 28 U.S.C. § 2244(d) expired on April 13, 2016. (D.E. 45 at 6-7). Respondent contends that all of Martinez's claims relate to his original guilty plea at the time of the order of deferred adjudication on January 2, 2015. (*Id.* at 7). Respondent argues that the order of deferred adjudication was a "judgment" for statutory purposes and became final on April 13, 2015, when the time for filing a petition for discretionary review with the Texas Court of Criminal Appeals expired. (*Id.* at 7-8). Respondent asserts that statutory tolling does not apply because Martinez did not file his state application until March 7, 2018, which was after the expiration of the limitations period. (*Id.* at 8). Further, Respondent argues that equitable tolling does not apply because Martinez has not shown rare and exceptional circumstances warranting tolling or that he diligently pursued § 2254 relief. (*Id.* at 11-12).

4

Martinez responds that he was not able to appeal the order of deferred adjudication and that the one-year limitation does not apply to him. (D.E. 51 at 4-5). Regardless, he argues that a deferred adjudication is not a final judgment and does not start the one-year clock. (*Id.* at 5-6). Instead, he argues that the limitations period began running after his supervision was revoked. (*Id.* at 6-7). Martinez contends that he has not delayed in filing his petition and has continuously fought against the conviction. (*Id.* at 7-8). Martinez asserts that he did not discover counsel's conflict of interest until after his guilty plea and that the state continues to withhold exculpatory DNA evidence. (*Id.* at 9-11).

A one-year limitations period applies to an application for a writ of habeas corpus filed by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). In relevant part, the limitations period runs from the latest of either: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States was removed; or (3) the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. *Id.* § 2244(d)(1)(A), (B), (D). The time during which a properly filed state collateral review application is pending is not counted toward the limitations period. *Id.* § 2244(d)(2). A state habeas petition filed after the limitations period ends does not toll the limitations period under § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

A Texas order of deferred adjudication community supervision is a final judgment for the purposes of § 2244(d). *Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005).

5

A petition for discretionary review to the Texas Court of Criminal Appeals must be filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing or *en banc* reconsideration was overruled. Tex. R. App. Proc. 68.2(a). An offender placed on community supervision can file an application for a writ of habeas corpus. Tex. Code of Crim. Proc. art. 11.072.

The timeliness provision in § 2244(d) is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 634 (2010). A petitioner is entitled to equitable tolling only if he can show that: (1) he has been diligently pursuing his rights; and (2) some extraordinary circumstance stood in his way. *Id.* at 649. Such a circumstance exists where, for example, the petitioner was misled by the respondent about the cause of action or was otherwise prevented in some extraordinary way from asserting his rights. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002). A standard claim of excusable neglect is insufficient. *Id.* Ignorance of the law generally does not excuse prompt filing, even for a *pro se* prisoner. *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). The failure to satisfy the statute of limitations must result from "external factors" beyond the petitioner's control, and delays caused by the petitioner do not qualify. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

Here, Martinez's § 2254 petition is untimely. Under Fifth Circuit precedent, the state court's order of deferred adjudication was a final judgment for the purposes of § 2244(d)(1)(A). *Caldwell*, 429 F.3d at 528-29. When the Court of Appeals of Texas dismissed Martinez's direct appeal on March 12, 2015, Martinez had 30 days to file a petition for discretionary review, which he did not. Tex. R. App. Proc. 68.2(a). The

order of deferred adjudication became final on April 13, 2015,[3] and he had one year in which to file his § 2254 petition. 28 U.S.C. § 2244(d)(1)(A). Accordingly, the limitations period expired on April 13, 2016, and Martinez did not file his petition until August 1, 2018, nearly 28 months later. (*See* D.E. 1 at 12). As to the conflict-of-interest claims alone, Martinez argues that he discovered the conflict in May 2017, but he does not explain why he could not have earlier discovered the published news articles from 2012, 2014, and 2015 through the exercise of due diligence. (D.E. 2 at 66-72); 28 U.S.C. § 2244(d)(1)(D). Finally, as to the claim that the state withheld DNA evidence, the state has not in any way impeded Martinez's ability to raise that claim. *See* 28 U.S.C. § 2244(d)(1)(B). Thus, unless Martinez can establish that he is entitled to statutory or equitable tolling, his petition is untimely.

Martinez has not established that he is entitled to statutory or equitable tolling. First, as to statutory tolling under § 2244(d)(2), although Martinez eventually filed a state habeas application, it too was filed after the April 13, 2016, deadline and did not toll the limitations period. (D.E. 49-15 at 4-66); *Scott*, 227 F.3d at 263. Second, Martinez is not entitled to equitable tolling because his failure to timely file was caused by, at best, excusable neglect, which is insufficient. *Lookingbill*, 293 F.3d at 264. Although his direct appeal was dismissed because Martinez's plea agreement waived his right to appeal, Martinez nonetheless could have filed an application for a writ of habeas corpus in state court regarding the order of deferred adjudication that placed him on community

---

[3] The thirtieth day after the dismissal of Martinez's direct appeal was April 11, 2015, which was a Saturday. Thus, Martinez was required to file by the following Monday, April 13. *See* Tex. R. App. Proc. 4.1(a).

supervision. Tex. Code of Crim. Proc. art. 11.072. He failed to do so. Similarly, even though Martinez was seemingly under the impression that the limitations period did not begin until his community supervision was revoked, determining the actual law was a circumstance within his control. *See Wilson*, 442 F.3d at 875. Even for a *pro se* petitioner like Martinez, ignorance of the law does not excuse prompt filing. *Felder*, 204 F.3d at 172. Thus, Martinez's § 2254 petition is untimely and he has not established that he is entitled to either statutory or equitable tolling.

### b. Actual Innocence

Respondent argues that Martinez cannot meet the actual-innocence exception to the limitations period because he has not alleged any new evidence showing that it is more likely than not that no reasonable jury could have convicted him of the underlying offenses. (D.E. 45 at 10).

Martinez responds that he is not required to produce newly discovered evidence to prevail on an actual innocence claim. (D.E. 51 at 2-3). He argues that the failure to grant his § 2254 petition would result in a fundamental miscarriage of justice. (*Id.* at 3-4).

A showing of actual innocence allows a petitioner to advance to the merits of his claims, even where he did not file his § 2254 petition within the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Successful actual-innocence claims are rare, however, and the petitioner must establish that, in light of new evidence, no reasonable juror would have found him guilty beyond a reasonable doubt. *Id.* at 386, 394-95. "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *Id.* at 398. "Actual innocence"

means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998).

Here, Martinez has not made a sufficient showing of actual innocence. First, he has raised no argument that any of the evidence he has presented is new. *See McQuiggin*, 569 U.S. at 386. Indeed, the evidence consists of court documents from his state proceedings, statements from the police and witnesses made at the time of the incident and Martinez's arrest, an affidavit from trial counsel regarding his representation, a police request for DNA testing, and news articles from 2012, 2013, and 2015. (D.E. 2 at 27-81). With the exception of counsel's affidavit, which was submitted in response to Martinez's state habeas application, none of this evidence is new. (*Id.* at 55-60).

Second, even if the evidence was new, it does not show that Martinez was factually innocent of the offenses and that no reasonable juror would have found him guilty beyond a reasonable doubt. *McQuiggin*, 569 U.S. at 386; *Bousley*, 523 U.S. at 623-24. Although counsel's affidavit is new, its contents are unrelated to Martinez's factual innocence. (D.E. 2 at 55-60). The news articles and court documents are also wholly unrelated to Martinez's underlying offenses. (*Id.* at 65-81). The police and witness statements are substantially consistent about the alleged offenses and do not establish that Martinez was factually innocent. (*Id.* at 27-53, 62). Finally, as to the police request for DNA testing, even if such testing was conducted, Martinez was convicted of touching the victim over his clothes and making the victim touch him over his clothes. (*See, e.g.*, D.E. 46-2 at 11; D.E. 46-3 at 9, 12, 19). Martinez does not explain how DNA evidence could show that he was factually innocent in that context. Thus,

9

because Martinez's § 2254 petition is untimely and he has not established a viable claim of actual innocence, it is recommended that his petition be dismissed.

### c. Evidentiary Hearing

Martinez has requested an evidentiary hearing several times through his response to summary judgment and multiple motions that have been resolved. (*See* D.E. 19 at 1; D.E. 50 at 1; D.E. 51 at 1). Generally, a federal habeas court is limited to consideration of the evidence that was before the state habeas court. *Cullen v. Pinholster*, 563 U.S. 170, 182-83 (2011). Regardless, a district court may refuse an evidentiary hearing where there is not a factual dispute that, if resolved in the petitioner's favor, would entitle him to relief. *Austin v. Davis*, 876 F.3d 757, 799 (5th Cir. 2017). Because Martinez's § 2254 petition is untimely and there is no factual dispute that could entitle him to relief, an evidentiary hearing is unnecessary. *See id.*

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Martinez has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may *sua sponte* rule on a COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general

assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where a district court rejects the claims on procedural grounds, a petitioner must show that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right; and (2) the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not find it debatable that Martinez's claims are time-barred. Therefore, it is further recommended that any request for a COA be denied because he has not made the necessary showing for such issuance.

## V. RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment (D.E. 45) be GRANTED. Martinez's § 2254 petition should be DISMISSED as untimely. In addition, it is further recommended that any request for a Certificate of Appealability be DENIED.

Respectfully submitted this 15th day of March, 2019.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).