Case 2:18-cv-00272 Document 86 Filed on 07/03/19 in TXSD Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
July 03, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRED G. MARTINEZ, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-00272 |
| | § | |
| LORIE DAVIS-DIRECTOR TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Fred Martinez is a Texas inmate appearing *pro se*. In August 2018, Martinez filed a 28 U.S.C. § 2254 petition attacking his state convictions. (D.E. 1). On June 7, 2019, the District Court entered an order adopting the Memorandum and Recommendation ("M&R") and dismissing Martinez's petition as time-barred. (D.E. 77). Now pending before the Court is Martinez's "Motion to Alter/Amend the Judgment" (D.E. 79) under Fed. R. Civ. P. 59(e). For the reasons discussed further below, it is recommended that Martinez's motion be denied.

### I. BACKGROUND

On August 1, 2018, Martinez filed his *pro se* § 2254 petition, raising 12 specific claims relating to his initial plea process and proceedings, including several claims of ineffective assistance of trial counsel, prosecutorial misconduct, and judicial misconduct. (D.E. 1 at 6-9; D.E. 2 at 3-13). He asserted that his petition was timely because he was actually innocent. (D.E. 1 at 11, 15-17). Respondent subsequently filed a motion for summary judgment, contending that Martinez's petition was untimely. (D.E. 45).

On March 15, 2019, the undersigned issued an M&R recommending that Respondent's motion for summary judgment be granted and Martinez's petition be dismissed as untimely. (D.E. 54 at 6-10). Further, the M&R concluded that Martinez had not made a sufficient showing of actual innocence because he had not presented any new evidence, and even if the evidence he presented was new, it did not show that no reasonable juror would have found him guilty beyond a reasonable doubt. (*Id.* at 9).

Martinez then filed a motion to supplement the record, submitting a DNA laboratory report that previously formed the basis of his prosecutorial misconduct claim under *Brady v. Maryland*, 373 U.S. 83 (1963). (D.E. 69 at 1-3; D.E. 70 at 4-5). The undersigned granted Martinez's motion to supplement the record with the DNA laboratory report, but did not alter the recommendation in the M&R. (D.E. 72 at 1-3).

The District Court adopted the findings and conclusions in the M&R and dismissed Martinez's petition as untimely. (D.E. 77 at 1-2).

II. DISCUSSION

    a. **Rule 59(e) Standard**

A motion that challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment under Federal Rule of Civil Procedure Rule 60(b). *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994). A Rule 59(e) motion must be filed within 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). In contrast, a Rule 60(b) motion must be filed "within a reasonable time" after the entry of judgment. Fed. R. Civ.

P. 60(c)(1). Because Martinez's motion was filed within 28 days after the District Court's order on June 7, 2019, it is a Rule 59(e) motion.

A Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). A Rule 59(e) motion serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Id*. Importantly, a Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and a party cannot attempt to obtain "a second bite at the apple" on issues that were previously addressed by the parties and the Court. *N. Cypress Med. Ctr. Operating Co. v. Blue Cross Blue Shield*, 2010 WL 2245075 at * 1 (S.D. Tex. Jun. 2, 2010) (unpublished). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Templet*, 367 F.3d at 479.

    b.    **Martinez's Rule 59(e) Motion**

Liberally construed, Martinez raises three arguments in his Rule 59(e) motion. (D.E. 79 at 1-8). First, he argues that the district court only addressed his claim under *Brady* and failed to consider his other claimed constitutional violations. (*Id.* at 1-4). Second, he argues that his § 2254 was timely to begin with and he did not need to meet the actual-innocence standard to proceed. (*Id.* at 2-3). Finally, Martinez concedes that he does not have a viable *Brady* claim, but argues that he has met the actual-innocence

3

standard in light of the newly discovered DNA evidence and all of the other alleged constitutional violations he identified in his original petition. (*Id.* at 3-7).

Here, Martinez's motions do not meet the Rule 59(e) standard because he has not identified a manifest error of law or fact in the Court's order, nor has he presented newly discovered evidence. *See Ross*, 426 F.3d at 763. First, Martinez's claim that the district court considered only his *Brady* claim is inaccurate. The district court's order adopted the M&R, which addressed each of Martinez's various claims about conflicts of interest, ineffective assistance of counsel, prosecutorial misconduct, and judicial misconduct. (D.E. 54 at 3-9; D.E. 77 at 1-2). Second, as to the argument that his § 2254 was timely, Martinez merely rehashes arguments that he raised previously and has not shown a manifest error of law or fact. *Templet,* 367 F.3d at 478-79.

Finally, as to Martinez's argument that his claims should be allowed to move forward under the actual-innocence exception to the statute of limitations, he merely rehashes the same legal theories that he argued previously. (*See, e.g.*, D.E. 2 at 9; D.E. 69 at 1-3). Specifically, even if he has raised sufficient constitutional claims alongside his actual-innocence claim, Martinez still does not address how the DNA evidence he submitted meets the fundamental requirement of the actual-innocence test, which requires him to establish that, in light of new evidence, no reasonable juror would have found him guilty beyond a reasonable doubt. *McQuiggin v. Perkins*, 569 U.S. 386, 394-95 (2013).

In the original M&R, the undersigned noted that Martinez had not explained how potential DNA evidence, then the basis of Martinez's *Brady* claim, could show that he was factually innocent where he was convicted of touching the victim over his clothes

4

and making the victim touch him over his clothes. (D.E. 54 at 9). Then, after Martinez submitted a copy of the DNA evidence, the undersigned reiterated that, although he was correct that the test results did not support his conviction, they also did not refute his conviction such that no reasonable juror could have found him guilty given the offense he was convicted of and the witnesses who identified him. (D.E. 72 at 3). Martinez does not address this conclusion in his present Rule 59(e) motion, opting instead to again state in a conclusory fashion that the evidence "excludes him from the crime to the maximum degree." (D.E. 79 at 6). However, the fact that his DNA was not found on the victim's shorts does not establish that Martinez did not touch him. *See, e.g., Garcia v. Castillo*, 431 F. App'x 350, 354 (5th Cir. 2011) (noting that, even if DNA evidence did not support a conviction, it did not exclude the defendant from having committed the offense). Nor does the fact that another person's DNA was found in a stain on the victim's shorts exclude Martinez from the crime he was convicted of because there was no allegation that he did anything that would cause a stain. Accordingly, Martinez has not shown a manifest error of law or fact in the Court's dismissal of his § 2254 petition as untimely.

## III. RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that Martinez's motion to alter or amend judgment under Rule 59(e) (D.E. 79) be DENIED.

Respectfully submitted this 3rd day of July, 2019.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).