UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRED G. MARTINEZ, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-00272 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Fred G. Martinez is a Texas inmate appearing *pro se* and *in forma pauperis*. On June 7, 2019, the District Court adopted the magistrate judge's Memorandum and Recommendation ("M&R"), granted Respondent's motion for summary judgment, and dismissed Martinez's petition as untimely. (D.E. 54, 77). Now pending are Martinez's "Motion to Exercise Inherent Power/Motion to Vacate Void Judgment" (D.E. 119) and "Motion for Review *De Novo*" (D.E. 120). These motions are construed as motions for relief from judgment under Federal Rule of Civil Procedure 60(b). For the reasons discussed further below, it is recommended that Martinez's motions be denied.

### I. BACKGROUND

On August 1, 2018, Martinez filed his *pro se* § 2254 petition, raising 12 specific claims relating to his initial plea process and proceedings, including several claims of ineffective assistance of trial counsel, prosecutorial misconduct, and judicial misconduct. (D.E. 1 at 6-9; D.E. 2 at 3-13). He asserted that his petition was timely because he was

actually innocent. (D.E. 1 at 11, 15-17). Respondent subsequently filed a motion for summary judgment, contending that Martinez's petition was untimely. (D.E. 45).

On March 15, 2019, Magistrate Judge B. Janice Ellington issued an M&R recommending that Respondent's motion for summary judgment be granted and Martinez's petition be dismissed as untimely. (D.E. 54 at 6-10). Further, the M&R concluded that Martinez had not made a sufficient showing of actual innocence because he had not presented any new evidence, and even if the evidence he presented was new, it did not show that no reasonable juror would have found him guilty beyond a reasonable doubt. (*Id.* at 9).

Martinez then filed a motion to supplement the record, submitting a DNA laboratory report that previously formed the basis of his prosecutorial misconduct claim under *Brady v. Maryland*, 373 U.S. 83 (1963). (D.E. 69 at 1-3; D.E. 70 at 4-5). The magistrate judge granted Martinez's motion to supplement the record with the DNA laboratory report, but did not alter the recommendation in the M&R. (D.E. 72 at 1-3).

The District Court adopted the findings and conclusions in the M&R and dismissed Martinez's petition as untimely. (D.E. 77 at 1-2).

Martinez subsequently filed a motion to alter or amend the judgment under Rule 59(e), raising several arguments. (D.E. 79 at 1-7). The magistrate judge entered an M&R to deny to motion, to which Martinez objected. (D.E. 86, 97). The M&R remains pending.

II. **DISCUSSION**

    a.   **Rule 59(e) and Rule 60(b)**

2

A motion that challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment under Federal Rule of Civil Procedure Rule 60(b). *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994). A Rule 59(e) motion must be filed within 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). In contrast, a Rule 60(b) motion must be filed "within a reasonable time" after the entry of judgment. Fed. R. Civ. P. 60(c)(1). Because both of Martinez's motions were filed more than 28 days after the entry of judgment on June 7, 2019, they are construed as Rule 60(b) motions.

Under Rule 60(b), a party may seek relief from a final judgment where, among other reasons, there was fraud, misrepresentation, or misconduct by the opposing party. Fed. R. Civ. P. 60(b)(3). To prevail under Rule 60(b)(3), a party must establish, by clear and convincing evidence, that: (1) the adverse party engaged in fraud or other misconduct; and (2) this fraud or misconduct prevented the moving party from fully and fairly presenting their case. *Hernandez v. Results Staffing, Inc.*, 907 F.3d 354, 364 (5th Cir. 2018).

### b. Martinez's Construed Rule 60(b) Motions

In his motions, Martinez argues that Respondent committed fraud by failing to cite to accurate Fifth Circuit precedent regarding the statute of limitations, which deceived the court into granting summary judgment. (D.E. 119 at 1-5). Martinez concedes that he has raised this argument before. (*Id.* at 4). In his "Motion for Review *De Novo*," Martinez argues that because Respondent committed fraud, the judgment is void and his petition must be reconsidered *de novo*. (D.E. 120 at 1-2).

3

Here, Martinez's motions do not meet the Rule 60(b)(3) standard because he has not established either prong of the Rule 60(b)(3) test. First, Respondent's alleged citation to incorrect caselaw is not fraudulent and did not prevent the magistrate judge or District Court from completing a thorough independent review of the relevant caselaw regarding timeliness. (D.E. 54 at 5-8; D.E. 77 at 1-2). Second, even if citing incorrect caselaw could qualify as fraud, misrepresentation, or misconduct, it did not prevent Martinez from fully and fairly presenting his case. *Hernandez*, 907 F.3d at 364.

### III. RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that Martinez's construed motions for relief from judgment under Rule 60(b) (D.E. 119, 120) be DENIED.

Respectfully submitted this 22nd day of January, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).