United States District Court
Southern District of Texas
**ENTERED**
January 28, 2020
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | |
|---|---|
| FRED G. MARTINEZ, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL NO. 2:18-CV-272 |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

## ORDER

The Court is in receipt of the Magistrate Judge's Memorandum and Recommendation ("M&R"), Dkt. No. 86. The Court is also in receipt of Petitioner Fred G. Martinez's ("Martinez") Objections to the M&R, Dkt. Nos. 88, 89, 97. For the reasons stated below the Court **ADOPTS** the M&R.

### I. Background

The M&R addresses Martinez's motion to alter/amend judgment, Dkt. No. 79, under Fed. R. Civ. P. 59(e). Dkt. No. 86. Martinez challenged this Court's previous ruling adopting a Memorandum and Recommendation and dismissing Martinez's pro se 28 U.S.C. § 2254 petition as time barred and not making a showing of actual innocence. Dkt. No. 79, *see* Dkt. No. 54. The M&R recommends Martinez's Rule 59 motion be denied. Dkt. No. 86 at 1. The Court reviews objected-to portions of a Magistrate Judge's proposed findings and recommendations de novo. 28 U.S.C. § 636(b)(1). But if the objections are frivolous, conclusive or general in nature the court need not conduct a de novo review. *Battle v. United States Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987).

### II. Objections

#### a. Actual Innocence

The Court concludes that Martinez's objections related to a showing of innocence are frivolous, repetitions of arguments he already raised and which the Magistrate Judge adequately addressed previously. *See* Dkt. Nos. 88, 89, 97.

### b. Statute of Limitations

Martinez objects to the calculation of the statute of limitations in this case and asks for an accounting of the statute of limitations. Dkt. No. 89. Martinez's objections seem to stem from the complexity of the deferred adjudication process. *See* Dkt. No. 97.

In the underlying order that petitioner seeks to amend, the Magistrate Judge wrote: "A Texas order of deferred adjudication community supervision is a final judgment for the purposes of § 2244(d). *Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005)." Dkt. No. 54 at 5-6. Later the Magistrate Judge writes:

> "Under Fifth Circuit precedent, the state court's order of deferred adjudication was a final judgment for the purposes of § 2244(d)(1)(A). *Caldwell*, 429 F.3d at 528-29. When the Court of Appeals of Texas dismissed Martinez's direct appeal on March 12, 2015, Martinez had 30 days to file a petition for discretionary review, which he did not. Tex. R. App. Proc. 68.2(a). The order of deferred adjudication became final on April 13, 2015,[] and he had one year in which to file his § 2254 petition. 28 U.S.C. § 2244(d)(1)(A). Accordingly, the limitations period expired on April 13, 2016, and Martinez did not file his petition until August 1, 2018, nearly 28 months later. (*See* D.E. 1 at 12)."

Dkt. No. 54 at 6-7

In addition, the Fifth Circuit has elaborated on the deferred adjudication rule, harmonizing it with the later Supreme Court precedent in *Burton* which called into question the analysis in *Caldwell*. *Tharpe v. Thaler*, 628 F.3d 719, 724 (5th Cir. 2010); *see Burton v. Stewart*, 549 U.S. 147 (2007); *Caldwell*, 429 F.3d at 528. In *Tharpe v Thaler*, the Fifth Circuit explained that in many deferred adjudication cases there are effectively two distinct limitations periods based on two judgments: "one a deferred-adjudication order and the other a judgment of conviction and sentence—we are dealing with two separate and distinct limitation periods under the AEDPA." *Tharpe*, 628 F.3d 724 (referring to the Antiterrorism and Effective Death Penalty Act).

For example, when a petitioner challenges his plea and assistance of counsel that produced a deferred adjudication, those claims run under a statute of limitations from the entry of the deferred adjudication order. *Tharpe*, 628 F.3d at

724; *see Tharpe v. Quarterman*, No. 4:08-CV-366-A, 2009 WL 1505195, at *2 (N.D. Tex. May 27, 2009), *aff'd in part sub nom. Tharpe*, 628 F.3d 719. A petitioner's challenge of the revocation of the deferred adjudication and the adjudication of a violation of the terms of community supervision runs under a later statute of limitations period from the entry of the judgment and sentence for the violation of community supervision terms. *Id.*; *see, e.g., Frey v. Stephens*, 616 F. App'x 704, 707 (5th Cir. 2015); *Crespin v. Davis*, No. 3:15-CV-818-D-BN, 2017 WL 3098580, at *4 (N.D. Tex. May 11, 2017), *report and recommendation adopted*, No. 3:15-CV-0818-D, 2017 WL 3086227 (N.D. Tex. July 20, 2017).

In Gutierrez's case, his § 2254 petition raised claims which only relate to his original initial plea process that was part of the deferred adjudication order, the claims do not regard the adjudication of the violation of the terms of supervision. *See* Dkt. Nos. 1, 86 at 1. As the Magistrate Judge stated, the order regarding the plea process became final on April 13, 2015 and the limitations period expired on April 13, 2016. Dkt. No. 54 at 7. That makes Martinez's August 1, 2018 petition untimely. *Id.*; Dkt. Nos. 1, 86.

### III. Conclusion

After independently reviewing the record and considering the applicable law, the Court **ADOPTS** the Memorandum and Recommendation in its entirety. Dkt. No. 86. The Court **OVERRULES** Martinez's objections, Dkt. Nos. 88, 89, 97. The Court **DENIES** Martinez's motion to Alter/Amend the Judgment, Dkt. No. 79.

SIGNED this 28th day of January, 2020.

Hilda Tagle
Senior United States District Judge