Case 2:18-cv-00272   Document 145   Filed on 05/27/22 in TXSD   Page 1 of 18

United States District Court
Southern District of Texas
**ENTERED**
May 27, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRED G. MARTINEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:18-CV-00272 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The United States Court of Appeals for the Fifth Circuit remanded this case to this Court, for limited purpose of deciding whether a certificate of appealability should be issued in connection with this Court's order denying Petitioner Fred G. Martinez's two motions filed under Federal Rule of Civil Procedure 60(b). (Doc. Nos. 119, 120, 141.) *See* Order, *Martinez v. Lumpkin*, No. 21-40907, at 1-2 (5th Cir. May 13, 2022) (available on this Court's docket sheet in this case as document number 144). The question has been referred to the undersigned for review and recommendation as to disposition. For the reasons discussed below, the undersigned United States magistrate judge recommends that the district court DENY a certificate of appealability.

***A. Background: The district court denies Petitioner's § 2254 action as time-barred. The Fifth Circuit denies a certificate of appealability.***

On August 30, 2018, Petitioner filed an action under 28 U.S.C. § 2254, challenging his Texas state conviction for indecency with a child. (Doc. No. 1.) The

procedural history of that § 2254 action is encapsulated in the memorandum and recommendation issued by United States Magistrate Judge B. Janice Ellington, *see* Doc. No. 54, but the facts relevant to the disposition of the current question, regarding a certificate of appealability, are recounted here.

Charged with two counts of indecency with a child,[1] Petitioner pleaded guilty pursuant to a plea agreement. On January 2, 2015, the Texas state court entered an order of deferred adjudication, placing Petitioner on community supervision for ten years; Petitioner waived his right to appeal. *See* Doc. No. 54, p. 2 (citing Doc. No. 46-2, pp. 80-89; Doc. No. 46-3, pp. 1, 6-8, 60-61, 62-63). Prior to pleading guilty, Petitioner signed a written admonishment of rights, issued to him by the state court, which contained the following admonishment: "Basis for Guilty Plea. Your plea of guilty may be accepted by the Court only if you are in fact guilty; you should not plead guilty for any other reason." (Doc. No. 46-2, p. 80.) Presented with a document entitled "Defendant's Statement Understanding Admonishments," Petitioner initialed the block stating: "I enter my plea of guilty because I am in fact guilty of said offense," and then signed the admonishment as a whole. *Id.* at 86, 88. Petitioner then signed a "Judicial Confession and Stipulation and Certification of Discovery," in which he swore that he had committed the two charged offenses. (Doc. No. 46-3, pp. 7-8.)

---

[1] *See* Tex. Penal Code § 21.11.

Although Petitioner had waived his right to appeal,[2] he attempted to appeal anyway, and the appellate court dismissed the appeal. *Martinez v. State*, No. 13-15-00084-CR, 2015 WL 1137753 (Tex. App.—Corpus Christi Mar. 12, 2015, no pet.). Petitioner did not seek discretionary review by the Texas Court of Criminal Appeals.

On March 23, 2016, the state court revoked Petitioner's community supervision, finding that he had violated several conditions of his supervision. (Doc. No. 54, p. 2 (citing Doc. No. 46-6, pp. 37-42; Doc. No. 46-8, pp. 75-78).) The court sentenced Petitioner to 12 years' imprisonment on each count, to run concurrently. (Doc. No. 54, p. 2) (citing Doc. No. 46-4, pp. 35-36)). Petitioner appealed his revocation and sentence, but the appellate court affirmed. (Doc. No. 46-13, pp. 1-7.) Discretionary review was refused. *See Martinez v. State*, No. 13-16-00249-CR, 2017 WL 2200299 (Tex. App.—Corpus Christi Mar. 16, 2017, pet. ref'd).

Petitioner filed a state habeas petition, challenging his plea process and the proceedings leading to the deferred adjudication. (Doc. No. 54, p. 3 (citing Doc. No. 49-15, pp. 4-66)). The state court denied Petitioner's habeas petition on July 18, 2018. (Doc. No. 54, p. 3 (citing Doc. No. 48-12, p. 1)).

Petitioner then filed the instant § 2254 action on August 30, 2018, raising claims relating to his initial plea process and proceedings. *See* Doc. No. 1. Directed to respond to Petitioner's action (*see* Doc. No. 9), Respondent contended that Petitioner's action was untimely, arguing that the order of deferred adjudication was a "judgment" for statutory

---

[2] *See* Doc. No. 46-2, p. 89; Doc. No. 46-3, p. 6.

purposes and became final on April 13, 2015, when the time for filing a petition for discretionary review with the Texas Court of Criminal Appeals expired. (Doc. No. 54, p. 4 (citing Doc. No. 45, pp. 6-7, 7-8)). Petitioner contended, in opposition, that his time for filing the § 2254 action did not begin to run until his community supervision was revoked. (Doc. No. 54, p. 5 (citing Doc. No. 51, pp. 5-6, 6-7).)

Judge Ellington recommended a finding in favor of Respondent's position on the timeliness argument (Doc. No. 45, pp. 6-8; Doc. No. 54, pp. 4-8), and also recommended against a finding of statutory or equitable tolling. (Doc. No. 54, pp. 7-8.) Judge Ellington also recommended a finding that Petitioner had not made a showing of "actual innocence" sufficient to advance to the merits of his untimely claims. *Id.* at 8-10. Judge Ellington ultimately recommended that Petitioner's § 2254 action be dismissed as untimely and recommended that no certificate of appealability issue. *Id.* at 11.

Petitioner objected to Judge Ellington's recommendation. (Doc. No. 61.) He also sought and obtained permission from Judge Ellington to introduce additional evidence, in the form of a May 11, 2015 lab report containing the results of DNA testing. (Doc. Nos. 69, 70.) This lab report was issued more than four months after Petitioner had pleaded guilty to his indecency with a child charges. Judge Ellington considered this evidence, but determined that it did not alter her recommendation. (Doc. No. 72, pp. 2-3.)

On June 7, 2019, the district court adopted Judge Ellington's recommendation, dismissed the § 2254 action, and denied a certificate of appealability. (Doc. No. 77, pp. 1-2.) Petitioner sought a certificate of appealability from the United States Court of

4 / 18

Appeals for the Fifth Circuit, but that court denied a certificate of appealability as well. *Martinez v. Lumpkin*, No. 19-40563, 2021 WL 2446054, at *1 (5th Cir. May 7, 2021) (available on this Court's docket sheet in this case as document number 139.)

### B. Petitioner files two motions that are construed as Rule 60(b) motions. The district court denies those motions.

Petitioner filed a "Motion to Exercise Inherent Power/Motion to Vacate Void Judgment." (Doc. No. 119.) In it, Petitioner alleged that counsel for Respondent had engaged in "fraud upon the Court when she deceived the Court in believing that her defense (summary judgment) contained accurate 5th Circuit authority" to calculate the limitations period. *Id.* at 1. In Petitioner's view, counsel for Respondent cited "obsolete/outdated caselaw, no longer leading 5th Circuit authority." *Id.* at 2. Petitioner argued, among other things, the following: "Respondent's actions are clearly defined as 'actual fraud' because she most certainly was aware that she was breaching her legal duty with intent to deceive, now requiring the Court to take action." *Id.* at 3.

On the same day, Petitioner also filed a "Motion for Review *De Novo*." (Doc. No. 120.) In that motion, he argued that because Respondent committed fraud in obtaining summary judgment, the district court's resulting judgment was void and must be reconsidered *de novo*. *Id.* at 1-2.

Petitioner's motions were referred to United States Magistrate Judge Julie Hampton. Judge Hampton construed Petitioner's two motions under Federal Rule of

Civil Procedure 60(b)(3). (Doc. No. 121, pp. 2-3.)[3] She recommended that both motions be denied, concluding that Petitioner's motions did not meet the standard for relief from judgment: "First, Respondent's alleged citation to incorrect caselaw is not fraudulent and did not prevent the magistrate judge or District Court from completing a thorough independent review of relevant caselaw regarding timeliness. Second, even if citing incorrect caselaw could qualify as fraud, misrepresentation, or misconduct, it did not prevent [Petitioner] from fully and fairly presenting his case." *Id.* at 4.

Petitioner objected to Judge Hampton's recommendation. (Doc. No. 127.) He reiterated his argument that the habeas summary judgment was procured by fraud. *Id.* at 2-3, 4-6. Petitioner also cited Federal Rule of Civil Procedure 60(b)(2) and argued that newly discovered evidence (the DNA lab report) justified relief. *Id.* at 3-4. In an order dated December 3, 2021, having independently reviewed the record and applicable law, the district court adopted Judge Hampton's recommendation and denied Petitioner's Rule 60(b) motions. (Doc. No. 141.) The district court did not state whether a certificate of appealability should issue with regard to the two motions.

---

[3] Judge Hampton construed the motions under Rule 60(b) rather than under Rule 59, because Rule 59 motions must be filed within 28 days after entry judgment. *See* Fed. R. Civ. P. 59(b). Petitioner filed his two motions after that time, so the only way the motions could have been treated as timely would be to construe them under Rule 60.

### C. Law.

#### 1. *A certificate of appealability should issue only if reasonable jurists could find that the district court abused its discretion by denying the Rule 60(b) motions.*

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C.A. foll. § 2254. A certificate of appealability "may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Supreme Court has held that district courts have jurisdiction to consider Rule 60(b) motions in habeas proceedings, so long as the motion attacks not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings themselves. *See Ochoa Canales v. Quarterman*, 507 F.3d 884, 887 (5th Cir. 2007) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). By denying Petitioner's Rule 60(b) motions, the district court determined that there was no defect in the integrity of Petitioner's federal habeas proceeding; thus, the Rule 60(b) rulings were final, appealable orders, and no appeal of those orders may be taken without a certificate of appealability. *See Bridges v. Director, TDCJ-CID*, No. 9:17-cv-2, 2021 WL 5578668, at *2 (E.D. Tex. Nov. 28, 2021).

Here, the only question for the Court is whether the applicant has made a substantial showing of the denial of a constitutional right with regard to the Rule 60(b) motions. This is because the underlying § 2254 action is already concluded: the district court dismissed the action, and the Fifth Circuit denied a certificate of appealability. The decision to grant or deny relief under Rule 60(b) "'lies within the sound discretion of the district court and will be reversed only for an abuse of that discretion.'" *Rocha v. Thaler*, 619 F.3d 387, 400 (5th Cir. 2010) (quoting *Williams v. Thaler*, 602 F.3d 291, 312 (5th Cir. 2010)). Thus, in this context, issuance of a certificate of appealability to appeal the denial of a postjudgment motion requires establishment that reasonable jurists could find that the district court abused its discretion in declining to reopen the § 2254 judgment. *See Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *United States v. Spears*, No. 20-30312, 2022 WL 832243, at *1 (5th Cir. Mar. 21, 2022).

### 2. *Rule 60(b) motions.*

Federal Rule of Civil Procedure 60 is entitled "Relief from a Judgment or Order." Rule 60's purpose is "to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005). Rule 60(b) provides a number of ways in which a court may grant such relief, two of which are relevant here:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

>   …
>
>   (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party.

Fed. R. Civ. P. 60(b)(2), (3).

To obtain relief under Rule 60(b)(2), newly discovered evidence must be in existence at the time of the final judgment and not discovered until after the final judgment. *Parker v. Wal-Mart Stores, Inc.*, 251 F.R.D. 222, 226 (S.D. Miss. 2008), *aff'd*, 464 F. App'x 224 (5th Cir. 2010). "Evidence qualifying as 'newly discovered' must be discovered after issuance of the underlying judgment." *Manna v. Ross Dress for Less, Inc.*, No. 1:18-CV-489-RP, 2020 WL 401826, at *3 (W.D. Tex. Jan. 24, 2020) (citing *Longden v. Sunderman*, 979 F.2d 1095, 1102-03 (5th Cir. 1992)), *adopted*, 2020 WL 10056104 (W.D. Tex. Mar. 17, 2020). Additionally, to qualify for relief under Rule 60(b)(2), "a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003).

Rule 60(b)(3) is "aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *General Universal Sys., Inc. v. Lee*, 379 F.3d 131, 156 (5th Cir. 2004) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978)). To obtain relief under Rule 60(b)(3), a movant "must establish (1) that the adverse party

engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Hesling*, 396 F.3d at 641 (citing *Government Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 772 (5th Cir. 1995)). The moving party has the burden of proving the misconduct by clear and convincing evidence. *Hesling*, 396 F.3d at 641 (citing *Rozier*, 573 F.2d at 1339).

### D. Analysis: Reasonable jurists could not find that the district court abused its discretion by denying Petitioner's Rule 60(b) motions.

Petitioner's Rule 60(b) motions were correctly denied by the district court, and no certificate of appealability should issue. Reasonable jurists could not debate the correctness of the district court's disposition of the motions.

#### 1. Reasonable jurists could not find that the district court abused its discretion by declining to reopen its decision dismissing Petitioner's § 2254 action as untimely.

Petitioner's Rule 60(b) motions focus on his belief that counsel for Respondent misled the district court into relying on obsolete case authority. He contends that, by citing *Caldwell v. Dretke*[4] to support its argument that Petitioner's action was untimely, counsel for Respondent committed the type of "fraud …, misrepresentation, or misconduct by an opposing party" that merits relief under Federal Rule of Civil Procedure 60(b)(3). (Doc. No. 119, pp. 1-5; *see also* Doc. No. 127, pp. 2-3, 4-6, 7.) Petitioner's claim, in essence, was that Respondent's citation of allegedly outdated or obsolete case law constituted fraud or misconduct that induced the district court to rule in

---

[4] *Caldwell v. Dretke*, 429 F.3d 521 (5th Cir. 2005).

Respondent's favor.  Petitioner, however, presented his argument against the applicability of *Caldwell v. Dretke*, and the district court did not abuse its discretion by denying Petitioner's Rule 60(b) motions – thus, no certificate of appealability should issue.

As previously discussed, to obtain relief under Rule 60(b)(3), the movant must establish by clear and convincing evidence that (1) the adverse party engaged in fraud or misconduct, and (2) this misconduct prevented the moving party from fully and fairly presenting his case.  *Hesling*, 396 F.3d at 641 (citing *Government Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d at 772); *see also Rozier*, 573 F.2d at 1339.  Factually incorrect judgments, by contrast, are the subject of Rule 60(b)(2), which provides for relief from a judgment based on newly discovered evidence which by due diligence could not have been discovered in time to file a motion for new trial under Rule 59.  *Rozier*, 573 F.2d at 1339 n.4.

Qualifying for relief under Rule 60(b)(3) thus requires the establishment of some causal nexus between the allegedly offending conduct (fraud, misrepresentation, or other misconduct) and the inability of the injured party to fully and fairly present its case – the fraud or misconduct must be what prevents the injured party from presenting its case.  Here, Petitioner contended that Respondent's briefing prevented him from presenting the merits of his case.  Emblematic of Petitioner's argument is this assertion: "Respondent, through her attorney, has practiced fraud upon the Court when she deceived the Court in believing that her defense (summary judgment) contained accurate 5th Circuit authority to compute the AEDPA 1-year statute-of-limitations filing period.  Respondent has

wholly faulsified [sic] her defense by knowingly employing defective authority in efforts to save her case …." (Doc. No. 119, pp. 1-2.) Petitioner alleges that he was thus "precluded from rightfully presenting his constitutional claims" because, in his view, the district court "relied on Respondent's statements to base its decision" to deny habeas relief. (Doc. No. 127, pp. 5-6.)

In moving for summary judgment, Respondent sought dismissal of Petitioner's § 2254 action on timeliness grounds. Respondent cited *Caldwell v. Dretke* for the proposition that Petitioner filed his action too late:

> Martinez's limitations period began on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, Martinez's claims that his trial counsel was ineffective, the prosecutor committed misconduct, and the trial court erred, attack his original plea of guilty at the time the order of deferred adjudication was entered on January 2, 2015. Fed. Writ Pet. at 6–9. As is relates here, an order of community supervision and deferred adjudication is a "judgment" for AEDPA purposes. *Caldwell v. Dretke*, 429 F.3d 521, 528 (5th Cir. 2005). Therefore, Martinez's deferred adjudication judgment became final on April 13, 2015, when the time for filing a PDR with the CCA expired.

(Doc. No. 45, pp. 7-8.) Because Petitioner filed the instant § 2254 action on August 1, 2018, Respondent reasoned, Petitioner's action was untimely.

Petitioner, in responding to this argument, disputed the applicability of *Caldwell*. He attacked Respondent's citation to *Caldwell*, cited two other Fifth Circuit cases which he believed correctly articulated the applicable law, and contended at length that his petition was not untimely. *See* Doc. No. 61, pp. 4, 6, 10-11, 14, 17, 25; *see also United*

*States v. Petty*, 530 F.3d 361 (5th Cir. 2008); *United States v. Wheaten*, 826 F.3d 843 (5th Cir. 2016).

The district court therefore had full the benefit of briefing the applicability of *Caldwell*, *Wheaten*, and *Petty*, and possessed the ability review the record and the law independently and render its own decision.  The district court availed itself of this ability: in its order adopting Judge Ellington's memorandum and recommendation and granting Respondent's motion for summary judgment on timeliness grounds, the district court indicated that it took full advantage of that opportunity, stating that it had "independently review[ed] the record and applicable law."  (Doc. No. 77, p. 1.)

In seeking relief from the district court's judgment, Petitioner insisted that Respondent committed fraud in obtaining the dismissal of Petitioner's action by relying on *Caldwell*, and that counsel for Respondent committed fraud or misconduct by briefing that allegedly obsolete case authority.  Petitioner stated, verbatim:

> Under *U.S. v. Petty*, 530 F.3d 361 (5th Cir. 2008), and *U.S. v. Wheaten,* 826 F.3d 847 (5th Cir. 2016), also provides that the 1-year AEDPA filing period starts no sooner from the moment the state court of appeals issues its opinion affirming conviction, and these cases are binding, holding 5th Circuit precedence, and [NOT] the caselaw Respondent provides; *Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005), employing extinct authority the erroneously provides that the 1-year AEDPA filing period was triggered by the state court order of the deferred judgment.

(Doc. No. 119, p. 4) (emphasis in original).  Petitioner asserted that he was thereby deprived of an opportunity to present the merits of his § 2254 case.  (Doc. No. 119, pp. 1-2, 5; Doc. No. 127, pp. 2-3, 4-6.)

Petitioner failed to demonstrate any causal connection between Respondent's citation and the district court's ruling. True, Respondent did cite *Caldwell* in its summary judgment motion, Judge Ellington also cited that case in her memorandum and recommendation, and the district court adopted that recommendation. But the chasm between Respondent's case law citation and the district court's decision is far too great for Petitioner to bridge under Rule 60(b). District courts are "presumed to know the law and to apply it in making their decisions." *Walton v. Arizona*, 497 U.S. 639, 653 (1990), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002)); *United States v. Perez*, 693 F. App'x 364, 365 (5th Cir. 2017) (unpublished). The district court's decision on this point of law, then, is properly viewed as being its own, and not the product of fraud or misrepresentation. Absent any other indication that Respondent acted illicitly to obtain summary judgment (and Petitioner offered none), reasonable jurists could not find that the district court abused its discretion in concluding that Petitioner was deprived of the ability to present his case because of fraud, misrepresentation, or misconduct. Thus, a certificate of appealability should not issue under Rule 60(b)(3).[5]

---

[5] The district court did not construe Petitioner's motions under Federal Rule of Civil Procedure 60(d)(3), which addresses judgments procured by fraud on the court. Had it done so, however, it would have reached the same result: no relief. Rule 60(d)'s standard is an exacting one: "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court." *Jackson v. Thaler*, 348 F. App'x 29, 34 (5th Cir. 2009) (quoting *Rozier*, 573 F.2d at 1338). Fraud under Rule 60(d)(3) "embrace[s] … the species of fraud which does or attempts to [] defile the court itself." *Jackson*, 348 F. App'x at 34 (quoting *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989) (quotation omitted)). Here, for the reasons discussed in the main text, Petitioner's arguments would not have qualified him for relief under Rule 60(d), just as they do not qualify him for relief under Rule 60(b). *Cf. Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009) (citing *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993) (describing elements of fraud on the court, the final element being that the conduct "deceives the court")).

In any event, the district court was correct in finding Petitioner's action untimely. *Caldwell* supplied the correct rule of decision in Petitioner's case. *Caldwell* held that an order of deferred adjudication is a final judgment for purposes of the limitations period. 429 F.3d at 528-30. Later Supreme Court precedent called *Caldwell* into question by emphasizing that, for AEDPA purposes, the term "judgment" includes both the conviction and sentence, a conclusion that could arguably prevent a finding that a deferred adjudication order (which does not carry a sentence) could be a "judgment." *See Burton v. Stewart*, 549 U.S. 147, 149-52 (2007). But as the district court observed in denying Petitioner's motion to alter or amend the judgment in his § 2254 action, the Fifth Circuit subsequently elaborated on the deferred adjudication rule, harmonizing it with *Burton*:

> In *Tharpe v. Thaler* [628 F.3d 719 (5th Cir. 2010)], the Fifth Circuit explained that in many deferred adjudication cases there are effectively two distinct limitations periods based on two judgments: "one a deferred-adjudication order and the other a judgment of conviction and sentence – we are dealing with two separate and distinct limitation periods under the AEDPA." *Tharpe*, 628 F.3d at 724. ….

(Doc. No. 123, p. 2.)

The district court explained that when a petitioner challenges his plea and assistance of counsel that produced a deferred adjudication, those claims run under a statute of limitations from the entry of the deferred adjudication order. (Doc. No. 123, pp. 2-3) (citing *Tharpe*, 628 F.3d at 724; *Tharpe v. Quarterman*, No. 4:08-CV-366-A, 2009 WL 1505195, at *2 (N.D. Tex. May 27, 2009), *aff'd in part sub nom. Tharpe*, 628 F.3d 719). A challenge to the revocation of that deferred adjudication, meanwhile, runs

under a later statute of limitations period triggered by the entry of the judgment and sentence for violation of the community supervision terms. (Doc. No. 123, p. 3 (citing *Frey v. Stephens*, 616 F. App'x 704, 707 (5th Cir. 2015))).

Here, the district court found, Petitioner's § 2254 raised claims relating only to the initial plea process that was part of the deferred adjudication order, not to the later adjudication of the violation of Petitioner's terms of supervision. (Doc. No. 123, p. 3.) Thus, the statute of limitations began to run when Petitioner's plea process became final (April 13, 2015) and expired one year later, on April 13, 2016. *Id.* Petitioner's § 2254 action, filed on August 1, 2018, was therefore untimely. Accordingly, Respondent's case law citation was not fraudulent: indeed, it was correct, and so was the district court's decision.

> ***2. Rule 60(b)(2) does not apply in this case, because the lab report is not "newly discovered" evidence. It was submitted as evidence and considered in the underlying § 2254 action. Reasonable jurists could not conclude otherwise.***

In his objection to Judge Hampton's memorandum and recommendation recommending denial of his Rule 60(b) motions, Petitioner asserted that the lab report, issued more than four months after he pleaded guilty, constitutes "newly discovered evidence." (Doc. No. 127, pp. 3-4.) Petitioner's point was apparently that the revelation of the lab report conclusively proved his actual innocence of the child indecency claims, and thus should have excused his late filing of his § 2254 petition. *See id.*

Petitioner's argument is not well-taken in this posture. The Court is currently considering whether reasonable jurists could find that the district court abused its

discretion in denying Petitioner's Rule 60(b) motions. A claim that newly discovered evidence exists must therefore be considered in the correct context. The appropriate question is whether newly discovered evidence was discovered after the issuance of the underlying judgment – that is, the Court's determination that Petitioner's § 2254 action was untimely. Here, the answer is plainly "no."

In this case, the lab report was fully known to Petitioner and the district court prior to the district court's determination that Petitioner's § 2254 action was untimely. Judge Ellington considered the report and determined that it did not affect her recommendation. (Doc. No. 72, pp. 2-3.) The district court then adopted Judge Ellington's recommendation. (Doc. No. 77.) Because the lab report was known and discussed during the consideration of Petitioner's § 2254 action, it is not "newly discovered evidence" and does not qualify Petitioner for relief under Rule 60(b)(2). *Cf. Longden*, 979 F.2d at 1102-03. Reasonable jurists would not debate whether the district court abused its discretion by not granting relief to Petitioner under Rule 60(b)(2), so a certificate of appealability should not issue.

### E. *Conclusion and recommendation.*

For the reasons stated above, the undersigned recommends that the district court DENY a certificate of appealability with regard to its denial of Petitioner's Rule 60(b) motions.

### F. *Notice to parties.*

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **14 days** after being served with a copy of this Memorandum and Recommendation, any party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **14 days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions that are accepted by the district court. *See Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on May 27, 2022.

_____
MITCHEL NEUROCK
United States Magistrate Judge