UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRED G. MARTINEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-00272 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is the Fifth Circuit's remand of this action "for the *limited purpose* of permitting the district court to decide in the first instance whether a COA should be issued in connection with its order denying Martinez's Rule 60(b) motions." D.E. 144 (emphasis added). On May 27, 2022, United States Magistrate Judge Mitchel Neurock issued a Memorandum and Recommendation (D.E. 145), recommending that a certificate of appealability be denied.

After obtaining an extension of time to do so, Petitioner timely filed his objections (D.E. 151) on June 23, 2022. On the same date, he filed a motion to expedite this Court's consideration of this matter. D.E. 149. After due consideration, the Court **DENIES** the motion to expedite (D.E. 149).

The question regarding whether a certificate of appealability should issue is directed at two orders disposing of Rule 60 motions. The motions collectively complained that Respondent's counsel had engaged in fraud on the court in the course of briefing by using

obsolete case authority and that the prior judgment must therefore be void. The Court previously determined that no briefing prevented Petitioner from presenting his case on the merits. Thus, the judgment was not void as procured by fraud on the court.

Petitioner's first objection is that he has discovered new facts that allegedly exonerate him in the form of admissions by the District Attorney that Petitioner is innocent. Petitioner has not presented admissible evidence of this matter, which therefore constitutes self-serving hearsay. Moreover, he admits "Unfortunately, as of yet, D.A. Gonzalez has failed to fully vindicate." D.E. 151, p. 1. The first objection is **OVERRULED**.

Second, Petitioner argues that his presentation of new evidence constitutes an exceptional and extraordinary circumstance, compelling this Court to exceed the mandate and conduct a de novo review of the entire case, not simply determine whether a certificate of appealability should issue. D.E. 151, p. 2. This Court does not have authority to exceed the mandate under these circumstances. *See generally, United States v. Pineiro*, 470 F.3d 200, 205–06 (5th Cir. 2006) (listing three exceptions); *Gulf Coast Bldg. & Supply Co. v. Int'l Broth. of Elec. Workers, Local No. 480, AFL-CIO*, 460 F.2d 105, 107 (5th Cir. 1972).

The Court has already determined that Petitioner's claims of newly discovered evidence in the form of DNA evidence do not support relief for actual innocence and Petitioner's argument regarding District Attorney admissions are insufficient. Petitioner has not demonstrated manifest injustice in the prior rulings of the Magistrate Judge, the District Court, or the Fifth Circuit Court of Appeals. The Court **OVERRULES** the second objection.

Third, Petitioner argues that a certificate of appealability should issue because Magistrate Judge Neurock applied the standard of review under 28 U.S.C. § 2244 too narrowly and unreasonably when evaluating Magistrate Judge Ellington's recommended dispositions of his claims of fraud on the court and newly discovered evidence. D.E. 151, p. 3. He argues that she intentionally misrepresented facts, became an adversary against him, and did not fairly and neutrally consider the DNA evidence. *Id.*

A certificate of appealability applies to the District Court's disposition, not the Magistrate Judge's. Any complaint regarding Magistrate Judge Ellington's prior memoranda and recommendations was required to be presented to the District Court before the District Court made its determination whether to adopt them. Petitioner's prior objections fail to set out any such arguments regarding Magistrate Judge Ellington's conduct. D.E. 127. They are not procedurally proper at this time because they were waived. They are further unwarranted character complaints. The third objection is **OVERRULED**.

Fourth, Petitioner objects that his argument—regarding Respondent intentionally misguiding the Court by citing obsolete legal authority—was incorrectly reviewed by Magistrate Judge Ellington under a subjective, rather than objective, standard. D.E. 151, p. 4. But, as Magistrate Judge Neurock points out, even if Respondent's briefing was erroneous, it did not constitute fraud on the court because it did not prevent Petitioner from responding with proper legal authorities in presenting his case. This is the nature of the adversary system. While Petitioner may exhaust his right to review, if any, based on the

merits of the District Court's determination (whether legal authority supports the decision), he may not use a fraud theory to advance it. The fourth objection is **OVERRULED**.

The remainder of Petitioner's objections simply rehash his arguments on the merits regarding his conviction and the late disclosure of DNA lab results that he claims exonerate him. Such arguments do not demonstrate with specificity where Magistrate Judge Neurock allegedly erred in his certificate of appealability analysis. For that reason, those arguments do not constitute proper objections and will not be considered. Fed. R. Civ. P. 72(b)(2); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003); *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (finding that right to de novo review is not invoked when a petitioner merely reurges arguments contained in the original petition).

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Petitioner's request for a certificate of appealability is **DENIED**. His additional request to review the entire case de novo is **DENIED**.

ORDERED on July 21, 2022.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE